**Karen A. SWIFT, Appellant,**

v.

**R.H. MACY'S & CO., INC., Appellee.**

**No. 84–2662.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1985.

Decided Dec. 30, 1985.

---

Basil L. North, Jr., Kansas City, Mo., for appellant.

John P. Polan, Kansas City, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and REGAN, Senior District Judge.*

REGAN, Senior District Judge.

Karen A. Swift appeals from a jury verdict in favor of appellee, R.H. Macy's & Co. Inc. ("Macy's").[1] The case was submitted to the jury on a false imprisonment theory. The verdict director substantially followed Missouri Approved Instruction (MAI) 23.04. Defendant asserted an affirmative defense that tracked the statutory language of

---

* The HONORABLE JOHN K. REGAN, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Hon. John W. Oliver, Senior Judge, presiding.

§ 537.125 RSMo. and which substantially followed MAI 32.13.[2] Swift contends the district court erred in denying her motion for a new trial on the grounds that the Court committed reversible error by making the following comments during the court's supplemental charge to the jury:

THE COURT: Members of the jury, I have five separate questions in writing, and in some cases the Court is able to write a short note back to the jury and answers the questions. These five questions, however, after discussion with counsel for both sides, everyone is agreed that it would be most helpful for the Court to bring the jury back and put these questions in perspective and to read two instructions which I gave you which you are to make the finding of fact and apply the principles of law that are stated in those two instructions....

There isn't a single word in these instructions that relates to Macy's training procedures, and that isn't *the issue of fact in this case.* Had it been, an instruction would have been directed to a training program.

So I think you can understand that discussion of a training program does not assist the jury in following the instructions and making findings of fact and applying the law as given you by the Court.

The Court then repeated plaintiff's verdict director and defendant's affirmative defense instruction. After which the Court asked:

THE COURT: Now, does any member of the jury need any additional instruction in regard to the incorporation of the statutory language in the instruction and the lack of need of having a copy of the statute?

A JUROR: We are having a problem in agreeing what is reasonable.

THE COURT: That is a question of fact, what is reasonable, and this is what you must center on you must determine

whether in the second element defendant had reasonable cause to believe that the plaintiff wrongfully had taken or was taking merchandise. You have heard the testimony as to what the witnesses testified as to what they saw and why Mr. Kevin Barnes went out and asked the plaintiff to come back in the security office, and you've got to determine whether the defendant had reasonable cause under the circumstances to take that action.

You must also find, thirdly, whether the restraint was made in a reasonable manner and for a reasonable length of time, and for the purpose of investigation, and you have heard the testimony of the witnesses in that regard, and you must determine unanimously the answer to those questions in fact.

Plaintiff failed to object to the court's supplemental instruction before the jury retired to consider its verdict as Rule 51 of the Federal Rules of Civil Procedure requires. *Coleman v. City of Omaha,* 714 F.2d 804, 807 (8th Cir.1983). Error in the instructions not properly objected to is waived unless the error is plain error in the sense that a miscarriage of justice would otherwise result. *Federal Crop Insurance Corporation v. Hester,* 765 F.2d 723, 727 (8th Cir.1985), *Rowe International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830, 835 (8th Cir.1981); *Cone v. Beneficial Standard Life Insurance Co.,* 388 F.2d 456, 459–60 (8th Cir.1968). The plain error exception to Rule 51 is narrow and is confined to the exceptional case where the error has seriously affected the fairness, integrity or public reputation of judicial proceedings. *R.W. Murray Company v. Shatterproof Glass Company,* 758 F.2d 266, 174–75 (8th Cir.1985). *Wright v. Farmers Co-op of Arkansas and Oklahoma,* 620 F.2d 694, 699 (8th Cir.1980); *Rowe International, Inc., supra,* 647 F.2d at 835; *Johnson v. Houser,* 704 F.2d 1049, 1051–52 (8th Cir. 1983). When a portion of a jury instruction is assigned as error, the reviewing court

**2.** The case was *not* submitted on a negligent hiring/negligent training, or assault and battery theory. It is the duty of the court, in submitting a case to the jury, to confine its instructions to

the issues raised by pleading and proof. *State of Arkansas v. Godbehere,* 261 F.2d 623, 625 (8th Cir.1958).

must look to the instruction as a whole to determine whether the charge, taken as a whole and viewed in light of the evidence, fairly and adequately submits the issues in the case to the jury. *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 905 (8th Cir. 1985); *Monahan v. Flannery,* 755 F.2d 678, 681 (8th Cir.1985); *Ayoub v. Spencer,* 550 F.2d 164, 167 (ed. Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2952, 53 L.Ed.2d 1079 (1977); *Des Moines Board of Water Works Trustees v. Alvord, Burdick and Howson,* 706 F.2d 820, 823 (8th Cir.1983). It is not necessary for the district court to recite a requested instruction verbatim in order to avoid error, so long as the instructions given are accurate and fair to both parties. *Villanueva v. Leininger,* 707 F.2d 1007, 1009 (8th Cir.1983). "A party is not entitled 'to have the jury instructed in any particular language, so long as the jurors understand the issues and are not misled.' (citations omitted). A district judge has broad discretion in the choice of form and language...." *Keltner v. Ford Motor Company,* 748 F.2d 1265, 1267 (8th Cir. 1984). Where a jury "makes known its difficulty and requests further instructions on the law applicable to an important issue, the trial judge is required to give such supplemental instructions as may be necessary to guide it in the determination of the issue. (citations omitted). A perfunctory re-reading of the very instruction which may have led to the difficulty does not fulfill the requirement." *Walsh v. Miehle-Goss-Dexter, Inc.,* 378 F.2d 409, 415 (3d Cir.1967).

■ Reviewing the charge as a whole, and in light of the evidence and applicable law, we find that the issues in the case were fairly and adequately submitted to the jury. We note that Swift not only failed to object to the Court's supplemental charge, but also failed to tender or request a supplemental instruction which defined the term "reasonable" for the jury. Given these circumstances, we feel that the judge's comments on the evidence during the supplemental charge were reasonable and permissible.

In charging the jury, the trial judge is not limited to instruction of an abstract sort. It is within his province, whenever he thinks it necessary to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it, which he thinks important, and he may express his opinion upon the facts provided he makes it clear to the jury that all matters of fact are submitted to their determination.

*Quercia v. U.S.,* 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). The trial court's supplemental charge was not "plainly erroneous." *Mid-America Food Service v. ARA Services Inc.,* 578 F.2d 691, 696 (8th Cir.1978). The reasonableness of the procedures used by Macy's to train security personnel was not an issue in the case. The reasonableness of Swift's restraint was to be judged an objective standard. *Ransom v. Adams Dairy Co.,* 684 S.W.2d 915, 921 (Mo.App.1985); Prosser, *Law of Torts* (4th Ed.1971) at 150. Therefore, we hold that the instructions, when viewed as a whole, fairly and adequately submitted the case to the jury. Furthermore any alleged error made in delivering the supplement charge was neither plain error nor properly preserved for review.

Accordingly, we affirm.