**FIREMEN'S INSURANCE COMPANY OF NEWARK, Appellant,**

v.

**BAUER DENTAL STUDIO, INC. and Dailey Dental, Inc., Appellees.**

Nos. 86–5015, 86–5077.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1986.

Decided Nov. 14, 1986.

Edwin E. Evans, Sioux Falls, S.D., for appellant.

John L. Morgan, Mitchell, S.D., for appellees.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

Firemen's Insurance Company of Newark filed this diversity action seeking a declaration of no coverage with regard to the claims of Dailey Dental, Inc., asserted in South Dakota state court against Firemen's insured, Bauer Dental Studio. The district court held that the state court claims were covered under the terms of the insurance policy, *Firemen's Ins. Co. v. Bauer Dental Studio*, 623 F.Supp. 84 (D.S. D.1985) (*Firemen's I*), and assessed attorney fees against Firemen's under South Dakota insurance law governing vexatious refusals to pay. *Firemen's Ins. Co. v. Bauer Dental Studio*, 626 F.Supp. 1365 (D.S.D.1986) (*Firemen's II*). Firemen's appeals, and we affirm.

Bauer, a manufacturer of dental prostheses, sold crowns to Dailey, a professional dental corporation providing dental services to patients. The crowns were made from specifications and molds taken by Dailey and were inserted by Dailey after it had ground and polished them as necessary to achieve the correct fit and bite. Dailey's patients began complaining of cracked and fractured crowns; and Dailey, after attempting to negotiate a settlement with Firemen's and Bauer, filed suit against Bauer in South Dakota state court seeking the costs of replacing the defective crowns. Bauer requested that Firemen's defend the state suit, but Firemen's refused and instead filed this declaratory judgment action seeking an interpretation of the comprehensive general liability policy held by Bauer.

■ The policy, in relevant part, provides that Firemen's is to pay "all sums which the insured shall become legally obligated to pay as damages because of * * * property damage to which this insurance applies." "Property damage" is defined as "physical injury to or destruction of tangible property," and damage to the insured's work product is expressly excluded from coverage. The district court agreed with Firemen's that coverage under the policy required damage other than to the crowns as manufactured by Bauer, *Firemen's I*,

623 F.Supp. at 86; however, the court concluded that Dailey's additional efforts were sufficient to make the finished crowns in patients' mouths composite products distinct from Bauer's work product:

> The completed product in this case consisted of not only the dental crown as manufactured by Bauer but also the professional services of Dailey in properly inserting the crown. The integration of Bauer's product and Dailey's workmanship created, for purposes of the insurance policy in question, a product separate and distinct from the crowns initially manufactured by Bauer. * * * Because the final product was not solely the work of the insured, the property damage is not excluded * * *.

*Id.* at 87. This finding of a contribution by Dailey to a composite, tangible product, if upheld, necessarily carries with it a finding of damage to tangible, as opposed to intangible, property, as required under the insurance policy. Firemen's, however, challenges the district court's work product conclusion.

Our review is guided by the rule that "the interpretation of state law by a district judge sitting in that forum is entitled to substantial deference unless it is 'fundamentally deficient in analysis or otherwise lacking in reasoned authority.'" *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 499 (8th Cir.) (quoting *Kansas City Power & Light Co. v. Burlington N.R.R.*, 707 F.2d 1002, 1003 (8th Cir.1983)), *cert. denied*, —— U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). Nothing in Firemen's argument compels us to reverse the determination of the district court that the fitted and properly installed dental crowns were not strictly Bauer's work product within the meaning of the insurance policy. Thus, we uphold the district court's determination that Dailey's claims against Bauer are within the coverage of the Firemen's insurance policy and that Firemen's is under a duty to defend Bauer in state court.

This conclusion, however, does not on its face determine Bauer's entitlement to attorney fees under South Dakota law gov-

erning an insurance company's failure to pay. *See All Nation Ins. Co. v. Brown,* 363 N.W.2d 216, 218 (S.D.1985); S.D. Codified Laws Ann. § 58–12–3. As Firemen's argues, an insurance company acting in good faith may seek a judicial resolution of disputed questions of fact or law determinative of the existence of coverage under a policy. *All Nations,* 363 N.W.2d at 218 (quoting *Taylor v. Commercial Union Ins. Co.,* 614 F.2d 160, 165 (8th Cir.1980) (interpreting Missouri law)). Firemen's contends that its refusal to defend the state action against Bauer was not vexatious or without reasonable cause within the meaning of the fee-shifting statute because the existence of coverage turned on the resolution of the question, admitted by the district court to be novel, *Firemen's I,* 623 F.Supp. at 87, of whether the dental crowns when installed in the patients' mouths constituted other than strictly Bauer's work product.

■ The district court, however, made contrary findings of fact regarding Firemen's motives in challenging the existence of coverage. A Firemen's claims adjuster initially denied coverage on the basis of the work product exclusion, but that decision was overruled by a regional supervisor and the Firemen's home office. Then, when Dailey, after two years of fruitless negotiations, filed its state court action, Firemen's responded by again denying coverage, this time on the basis there was an absence of property damage. As the district court concluded, *Firemen's II,* 626 F.Supp. at 1367, there was no open question whether the cracking and fracturing of the crowns constituted property damage. The award of attorney fees in this case does not penalize Firemen's for seeking judicial resolution of a legitimate coverage dispute.

The district court also found vexatious conduct in the manner in which Firemen's conducted the settlement negotiations. The court observed that the company had delayed making an offer on the ground it had not yet pinpointed blame for the defective crowns at a time when the company already had reports from several experts indicating that Bauer was at fault. *Id.* at 1366. Firemen's, the district court concluded, "intentionally prolonged the ensuing negotiations in the hope of avoiding payment altogether" and "seized upon the imprecise language of the Dailey complaint to create a new reason for denying coverage." *Id.* Based on these findings it is clear Firemen's has not been penalized for correcting a legitimate mistake in its coverage position or been held to have acted unreasonably by failing to offer Dailey immediately the full amount it sought. We find no error of fact or law in the district court's resolution of the attorney fee issue.

We affirm the judgment and award of attorney fees in favor of Bauer.