LaRO CORPORATION, Appellant,

v.

BIG D OIL COMPANY, Appellee.

No. 86–5391.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1987.

Decided July 31, 1987.

Reed C. Richards, Deadwood, S.D., for appellant.

Edward C. Carpenter, Rapid City, S.D., for appellee.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and LARSON[*], Senior District Judge.

PER CURIAM.

Plaintiff-appellant sued defendant-appellee alleging violations of federal and state anti-trust law. The case was submitted to the jury under Section 1 of the Sherman Act, 15 U.S.C. § 1 (conspiracy), Section 2 of the Sherman Act, 15 U.S.C. § 2 (attempted monopolization) and South Dakota Codified Laws § 37–2–1 (discriminatory pricing).

The jury found for defendant on all of plaintiff's claims. The district court[1] denied plaintiff's motion for a new trial and plaintiff appeals from that decision.

---

[*] The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

[1]. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Plaintiff asserts a number of trial errors: 1) failure to permit certain hearsay testimony relating to a claimed price-fixing conspiracy; 2) the giving of Instruction No. 32 as to South Dakota law; 3) refusal to permit plaintiff to call a rebuttal witness; 4) refusal to permit plaintiff to question further its claimed main witness; 5) failure to give and the giving of other instructions; and 6) refusal to permit testimony of a witness as to his knowledge and understanding of South Dakota law.

Plaintiff's arguments on appeal are thus directed, in general, to the trial court's rulings concerning the admissibility of evidence and to the court's instructions to the jury. We note that the trial court has traditionally been accorded broad discretion in the conduct of the trial and that an appellate court will not substitute its discretion for that of the trial judge unless there has been a showing of abuse. *See* Fed.R.Evid. 611(a); *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 499 (8th Cir.), *cert. denied*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985) (citing *Dobson v. Bacon Transport*, 607 F.2d 805, 807 (8th Cir.1979)).

We thus may reverse a trial court's determination of the admissibility of evidence only where there has been a clear abuse of discretion. *Hannah v. City of Overland*, 795 F.2d 1385, 1388–89 (8th Cir.1986); *Harris v. Union Electric Co.*, 787 F.2d 355, 371–72 (8th Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 94, 93 L.Ed.2d 45 (1986); *Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1221 (8th Cir.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). The admission or exclusion of rebuttal testimony is subject to the same standard. *Smith v. Conley*, 584 F.2d 844, 846 (8th Cir.1978); *Swanson & Youngdale, Inc. v. Seagrave Corp.*, 561 F.2d 171, 174 n. 6 (8th Cir.1977); *Hanrahan v. St. Vincent Hospital*, 516 F.2d 300, 302 (8th Cir.1975). We have examined the record in this case and find no clear abuse of discretion in the district court's decisions regarding the exclusion of testimony or the questioning of witnesses.

Plaintiff's challenge to the district court's instructions also must fail. In Instruction No. 32, the court instructed the jury as to the requirements of a price discrimination claim under South Dakota law. The interpretation of state law by a district judge sitting in that forum is entitled to substantial deference. *Sterling v. Forney*, 813 F.2d 191, 192 (8th Cir.1987); *Firemen's Insurance Co. v. Bauer Dental Studio, Inc.*, 805 F.2d 324, 325 (8th Cir.1986); *Dabney v. Montgomery Ward & Co.*, 761 F.2d at 499. We find no South Dakota authority which suggests that the court's instruction is in error.

As for plaintiff's other objections to the instructions, we find that the instructions as a whole state the governing law fairly and correctly as applied to the evidence presented. *See Toro Co. v. R & R Products Co.*, 787 F.2d 1208, 1215–16 (8th Cir. 1986); *Harris v. Union Electric Co.*, 787 F.2d at 371; *Swift v. R.H. Macy's & Co.*, 780 F.2d 1358, 1360–61 (8th Cir.1985).

For all of the foregoing reasons, the judgment of the district court is affirmed.