Jennifer MILLS, Appellant,

v.

DES ARC CONVALESCENT HOME, Helen Mixon, Administrator; Arkansas Convalescent Centers, Appellees.

Jennifer MILLS, Appellant,

v.

Helen MIXON, Janice Weaver, Bernie Simmons, Des Arc Convalescent Home, Arkansas Convalescent Centers, Appellees.

Nos. 88–1950, 88–1951.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 7, 1989.

Decided April 19, 1989.

Velda P. West, Little Rock, Ark., for appellant.

Allen P. Roberts, Camden, Ark. and Michael E. Aud, Little Rock, Ark., for appellees.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Jennifer Mills appeals from final orders entered in the District Court[1] for the Eastern District of Arkansas granting judgment in favor of defendants on her Title VII complaint and dismissing her section 1981 complaint. For the reasons discussed below, we affirm the judgment on the Title VII complaint but remand for further proceedings on the section 1981 complaint.

On October 30, 1986, Mills, who is black, filed a Title VII action against her former employer, Des Arc Convalescent Home; its parent company, Arkansas Convalescent Centers; and its administrator, Helen Mixon. Mills alleged that she was terminated from her employment solely because of her race, and that Mixon had made untrue and slanderous allegations against her about missing work and abusing patients. Defendants asserted in their answer filed November 19, 1986, that Mills's cause of action was barred by the time limitation provided in 42 U.S.C. § 2000e–5(f)(1), requiring that suit be filed within ninety days of receiving a notice of the right to sue from the Equal Employment Opportunity Commission (EEOC).

In a scheduling order of October 20, 1987, the district court set the case for nonjury trial during the week beginning May 2, 1988, and directed the attorneys to file pretrial conference information sheets no later than April 1, 1988. The order stated that "failure to timely disclose the name of a witness, in the information sheet, will result in that witness not being permitted to testify absent a showing of good cause." The order also stated that "[m]otions submitted after the deadline of the Pre-trial Information Sheet may be denied solely on the basis of having been untimely filed, and all Motions/Pleadings must be filed sufficiently in advance of that date to allow a timely response." The order further stated that "[t]he discovery cut-off date is March 1, 1988," and "[e]xhibits are to be made available to all parties and reviewed by counsel prior to trial date."

Defendants filed their pretrial information sheet on April 1, 1988. Mills filed hers on April 15, 1988, stating that the right-to-sue letter from the EEOC had a claim check attached to it bearing two dates—July 30, 1986 and August 14, 1986; and that her counsel had, "after diligent inquiry with the Postal Service, logically determined that the letter was either picked up or returned on August 14, 1986," and had filed the complaint within ninety days thereafter. Mills simultaneously moved to amend her complaint to add section 1981 and state tort claims arising from her discharge. Defendants opposed the motion,

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

and the district court denied leave to amend because the motion was submitted after the April 1 deadline.

On May 5, 1988, a pretrial hearing was held to determine when Mills received the right-to-sue letter from the EEOC. Mills testified she did not remember the exact date of receipt, but she signed for and picked up a certified letter at the post office sometime in August after a postal worker told her that the postmaster had signed and returned a letter addressed to her, and after the EEOC had telephoned her about a letter they had sent. Mills further testified that the EEOC letter, dated July 28, 1986, had been opened and taped back together; she never received any other certified mail from the EEOC; and a short time before trial—on April 25, 1988—the postmaster asked her to sign a yellow paper dated 1985 or 1986, which he told her concerned a letter to her that had been returned. A photocopy of the front of the envelope addressed to Mills from the EEOC, bearing a numbered certified mail sticker and claim check stub, was received into evidence as Defendants' Exhibit 2.

Defendants also offered their Exhibit 3, described as a receipt for certified mail. Mills's counsel objected that she (counsel) had never seen the exhibit or known of its existence, it was not mentioned during the discovery period or in the pretrial information sheets, and it might be recently created. After Mills identified her signature on the receipt, the district court admitted the exhibit into evidence.

Defendants' only witness was the Des Arc postmaster, as custodian of postal records. He testified upon examining Defendants' Exhibit 3 that it was a receipt for certified mail showing July 30, 1986, as the date the mail was picked up by whoever signed for it. He further testified upon comparing the certified numbers on Defendants' Exhibits 2 and 3 that the numbers were the same. Regarding the claim check stub attached to the EEOC envelope (Exhibit 2), he testified that the "return" date (shown as 8–14–86) is the date the letter should be returned to the sender. He also stated that whenever a certified letter is returned, the reason is recorded on the back of the certified mail receipt.

The district court found that Mills received the right-to-sue letter on July 30, 1986, and the complaint was therefore untimely filed on October 30. Accordingly, judgment was entered in defendants' favor.

Mills filed a motion for reconsideration, asserting that defendants should not have been allowed to call the postmaster as a witness or present the certified mail receipt as an exhibit because neither had been mentioned in discovery or listed on the pretrial information sheet; the receipt was the document Mills signed for the postmaster on April 25, 1988, and was not credible evidence; and she did not receive the right-to-sue letter until after August 15, 1986. The district court denied the motion.

On the date judgment was entered on the Title VII action, Mills filed a complaint under 42 U.S.C. § 1981 against the three defendants named in the first suit plus two additional employees of Des Arc Convalescent Home, social and activities director Janice Weaver and nursing director Bernice Simmons. The complaint alleged that Mills was terminated for discriminatory reasons and without justification; Mixon fired her based on charges drafted by Weaver and Simmons; the purported reasons for termination—missing days, abusing patients, and having a bad attitude—were untrue; Mills had been a good worker for two years and was fired the month of her first reprimand; and the employment place had been racially stratified, with blacks working in the kitchen and laundry and Mills being the only black nurse's aide.

Defendants moved for dismissal on the ground that judgment on the merits in the Title VII action barred the section 1981 suit under the doctrine of res judicata. The district court agreed, pointing out that both actions alleged unlawful termination of Mills's employment because of her race, with the only difference lying in the theory of recovery. Relying on *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983) (en banc) (*Nilsen*), the court held that Mills could not assert her remedies serially in successive actions, and dismissed the complaint with prejudice. This appeal followed.

■ Mills argues first that the district court erred in denying leave to amend the Title VII complaint to add the section 1981 claim. We observe that Mills filed suit on October 30, 1986, and, without explaining the delay, moved to amend her complaint on April 15, 1988, two weeks after the deadline for filing all motions or pleadings and less than three weeks before trial. Her pretrial information sheet was likewise filed two weeks late, and her interrogatories were unanswered because they were submitted over six weeks after the discovery cutoff date. It is "within the District Court's discretion to deny leave under Fed.R.Civ.P. 15(a) because the motion was filed too late." *Poe v. John Deere Co.*, 695 F.2d 1103, 1107 (8th Cir.1982) (*Poe*) (no abuse of discretion to deny motion, filed first day of trial, to amend Title VII/§ 1981 complaint to add state claims arising from discharge, even though pursuit of those state claims was later barred by res judicata). In light of Mills's unexplained delay and consistent disregard of the district court's deadlines, we conclude that the court did not abuse its discretion here.

■ Mills argues second that the district court erred in concluding that the Title VII complaint was time-barred based on its finding that Mills received the right-to-sue letter on July 30, 1986. Mills contends that the postmaster's testimony and Defendants' Exhibit 3 were improperly admitted to prove the date of receipt because neither the witness nor the exhibit was mentioned before the day of trial.[2] We do not believe there was an abuse of the broad discretion accorded the district court to determine the admissibility of evidence. *See, e.g., LaRo Corp. v. Big D Oil Co.*, 824 F.2d 689, 690 (8th Cir.1987) (per curiam). Use of an undisclosed witness should seldom be barred unless bad faith is involved, *Morfeld v. Kehm*, 803 F.2d 1452, 1455–56 (8th Cir. 1986), and bad faith was not shown here. Moreover, we may reverse the district court's finding of fact only if it is clearly erroneous, i.e., unsupported by substantial evidence. *See, e.g., Danzl v. North St. Paul–Maplewood–Oakdale Indep. School Dist. No. 622*, 706 F.2d 813, 816 (8th Cir. 1983). Here, the district court's finding that Mills received the right-to-sue letter on July 30, 1986, was supported by substantial evidence in the form of the postmaster's undisputed testimony regarding the delivery date shown on Exhibit 3. Given this finding, the court properly disposed of Mills's complaint as untimely because it was filed ninety-two days later on October 30. *See Lucas v. Brown & Root, Inc.*, 736 F.2d 1202, 1203 (8th Cir.1984).

■ Finally, Mills argues that the district court erred in dismissing the section 1981 complaint on the basis of res judicata. As stated in *Headley v. Bacon*, 828 F.2d 1272, 1274 (8th Cir.1987) (*Headley*), "res judicata bars claims if three requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." The first requirement is not at issue in the present case. As to the second requirement, a disposition of a Title VII action as untimely filed is a decision on the merits for purposes of res judicata. *Nilsen*, 701 F.2d at 562; *see also Myers v. Bull*, 599 F.2d 863, 865 (8th Cir.) (per curiam), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979).

Regarding the "same cause of action" part of the third requirement, the *Nilsen* court noted that res judicata bars all claims that could have been advanced in support of a previously adjudicated cause of action, and that "one who has a choice of more than one remedy for a given wrong * * * may not assert them serially, in successive actions, but must advance all at once on pain of bar." 701 F.2d at 560 (footnote omitted). The Fifth Circuit concluded that a section 1983 suit was barred by the prior judgment in a Title VII suit where both suits were based on the same transaction. *Id.* at 559–61. We believe this is a sound approach. The claims in both of Mills's suits "emerge from the same transaction and share precisely the same nucleus of operative facts." *Poe*, 695 F.2d at 1106.

2. The record on appeal does not include Exhibit 3. It does include a photocopied sheet, hand-labeled as "Deft. Exhibit #3," depicting a postal service form; it is clear from the hearing transcript's description of Exhibit 3, however, that this photocopy depicts a different document.

Both are based on Mills's alleged wrongful termination from employment as a result of racial discrimination. Therefore, the prior judgment in the Title VII suit barred the section 1981 suit against the same parties or their privies.

However, because two additional defendants (Weaver and Simmons) were named in the second suit, the question remains whether these additional defendants may be said to be in privity for res judicata purposes with the defendants in the first suit. The answer depends on whether their interests in the later litigation were adequately congruent to those of the defendants in the earlier suit. *See Headley*, 828 F.2d at 1274, 1277 & n. 4. "[N]ot every employee is in privity with his or her employer." *Id.* at 1276. We therefore remand to the district court for consideration of this issue. *See id.* at 1275–76, 1279–80 (absent findings of fact allowing determination whether defendants in two suits were in privity, summary judgment was erroneous).

Accordingly, we affirm the judgment on the Title VII complaint and remand for further proceedings on the section 1981 complaint.