OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, denying the motion for partial summary judgment filed by defendant-appellant, Den-Mat Cerinate Dental Laboratories, and granting the motion for summary judgment filed by plaintiff-appellee, American Manufacturers Mutual Insurance Company.
The instant appeal is the by-product of a civil lawsuit filed by Dr. Ronald E. Mangie (Dr. Mangie). Dr. Mangie practices dentistry in Youngstown, Mahoning County, Ohio. Prior to filing his lawsuit, Dr. Mangie often used the dental product, Geristore, which is manufactured and distributed by appellant. Appellant is a Santa Maria, California based manufacturer of various dental products for use by practicing dentists and consumers. Geristore is a raw material compound used by dentists as a restorative, base, liner, cement or sealant in a variety of patient treatments.
After treating numerous patients with Geristore, Dr. Mangie informed appellant that those patients were experiencing physical problems with the original treatments. Dr. Mangie also reported that Geristore had caused tooth discoloration, tooth decay under previous tooth restorations, leakage around the margins of the original treatment and pitting on the surfaces of the teeth of the subject patients.
On August 30, 1996, Dr. Mangie filed a complaint with the trial court, identified as Case No. 96-CV-2169, against appellant alleging product liability, breach of contract and breach of an express/implied warranty. Dr. Mangie sought damages in the sum of $75,000.00, based on his claim that as a result of using Geristore, he was required to repair the teeth of the affected patients, which required additional time and expenses on his part.
Upon receipt of the complaint, appellant tendered same to appellee. Appellee is an insurance company based in Illinois. Appellant carried a package of insurance with appellee that included several commercial general liability policies.
After receiving appellant's request for coverage, appellee advised appellant that Dr. Mangie's claim did not fall within the terms of its policy and therefore, would not be covered. Appellee based its decision on the nature of Dr. Mangie's claims, which included reimbursement for the value of his lost time and the cost of the replacement dental products.
In October 1996, appellant requested that appellee reconsider its denial of coverage. By letter dated November 5, 1996, appellee agreed to reconsider the issue of coverage and in the interim, provide appellant with a defense. In this letter, appellee fully explained that its reconsideration was not to be considered a waiver of its right to deny appellant coverage.
On March 13, 1997, upon review of the Mangie litigation, appellee again denied coverage and withdrew its defense. Appellee reiterated its position that Dr. Mangie's claims did not fall within appellant's policy definitions of bodily injury, property damage or occurrence. Appellee further suggested that even if the allegations in the complaint fell within the definition of bodily injury, property damage or occurrence, coverage would still be disclaimed based upon an exclusion contained within the general liability section of appellant's policy.
On November 26, 1997, appellee filed a complaint with the trial court, identified as Case No. 97-CV-3330, seeking declaratory judgment against appellant and Dr. Mangie. Appellee alleged that under California law and pursuant to the insurance policy, it was under no duty to defend or indemnify appellant for Dr. Mangie's claims of economic loss.
On February 2, 1998, appellant filed its answer and counterclaim. In the counterclaim, appellant alleged breach of contract, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, and further sought declaratory judgment on the issue of appellee's duty to defend and indemnify.
On July 16, 1997, appellant filed a motion for partial summary judgment. It cannot be ascertained what appellant argued in this motion as it is absent from the record on appeal. On August 5, 1998, appellee filed its brief in opposition, along with a separate motion for summary judgment. These documents are also missing from the record on appeal.
On April 15, 1999, the trial court filed its judgment entry, sustaining appellee's motion for summary judgment and overruling appellant's motion for partial summary judgment, thereby dismissing appellant's counterclaim. In doing so, the trial court held that appellee was under no duty to indemnify appellant for the claims asserted in the Mangie litigation. The trial court further found that no duty to defend was imposed by the contract of insurance as, at the outset, Dr. Mangie's allegations against appellant were such that there was no potential that appellee would be required to indemnify under the policy terms. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Since appellant's first and second assignments of error have a common basis in law and fact, they will be discussed together and allege respectively as follows:
 "The trial court erred in finding that Plaintiff-Appellee American Manufacturer's Mutual Insurance Company (`AMMICO'), as a matter of law, has no duty to defend Den-Mat under the policy of commercial general liability insurance issued by AMMICO TO Den-Mat. April 15, 1999 Judgment Entry, at p. 2, ¶ 5.
"The trial court erred in finding that AMMICO, as a matter of law, has no duty to indemnify Den-Mat under the commercial general liability insurance policy for the claims asserted by Dr. Ronald Mangie against Den-Mat. April 15, 1999 Judgment Entry, at p. 2, ¶ 4."
Given that the insurance policy in question was issued and executed pursuant to California law and both parties stipulated that California law applies, we are required to view the arguments presented in accordance with California law. California courts have found that the "insurance company must defend any lawsuit brought against its insured whichpotentially seeks damages within the coverage of the policy * * * and an insurer's duty to defend its insured in such a lawsuit is not merely determined by looking to the language of the complaint filed against the insured or the judgment entered in the injured party's lawsuit." Mullenv. Glenn Falls Ins. Co. (1977), 140 Cal.Rptr. 605, 609. The California Supreme Court stated that "the duty to defend should be fixed by the facts which the insurer learns from the complaint, the insured, or other sources." Gray v. Zurich Insurance Company, (1966), 54 Cal.Rptr. 104,113. In Giddings v. Industrial Indemnity Company, et al. (1980),169 Cal.Rptr. 278, 280, the court noted that "An insurer's duty to defend litigation brought against its insured is broader than its duty to indemnify."
The insurance policy at issue in this matter provides, in pertinent part:
"SECTION I — COVERAGES
"COVERAGE A — BODILY INJURY AND PROPERTY DAMAGELIABILITY
"1. Insuring Agreement
 "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend any `suit' seeking those damages. * * *
"* * *
 "b. This insurance applies to `bodily injury' and `property damage' only if:
 "1) The `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory'; and
 "2) The `bodily injury' or `property damage' occurs during the policy period.
 "c. Damages because of `bodily injury' include damages claimed by any person or organization for care, loss of services or death resulting at any time from the `bodily injury.'
"2. Exclusions
"This insurance does not apply to:
"* * *
 "n. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
 1) "`Your product';
"* * *
"SECTION V — DEFINITIONS
"* * *
 "3. `Bodily injury' means bodily injury, sickness or disease sustained by a person, including death, resulting from any of these at any time.
"* * *
 "9. `Occurrence' means an accident, including continuous repeated exposure to substantially the same general harmful conditions.
"* * *
"12. `Property damage' means:
 "a. Physical injury to tangible property, including all resulting loss of use of that property. * * * or;
 "b. Loss of use of tangible property that is not physically injured. * * *"
A cursory glance at the allegations in the Mangie complaint with the terms of said policy reveals a lack of coverage, as it would appear that Dr. Mangie's claims are for economic loss. However, the crucial question then becomes whether appellee was in possession of factual information beyond the allegations in the complaint, which would have given rise to potential liability under its policy, when it denied appellant a defense in the Mangie litigation. Mullen, supra.
In the present case, the extrinsic facts show an existence of appellee's duty to defend. Prior to its ultimate denial of coverage, appellee had knowledge that on several occasions Dr. Mangie asserted his patients' complaints concerning physical damage to their teeth and related dental treatments resulting from the use of appellant's product. These physical damages included "discolorations, decaying under the restorations, leakage around the margins, and pitting that appears on the surfaces." Therefore, such facts unambiguously constituted "property damage," as defined in appellant's policy and thereby triggered appellee's duty to defend.
In support of its arguments on appeal, appellant cites to Firemen'sInsurance Company of Newark v. Bauer Dental Studio, Inc. (C.A.8, 1986),805 F.2d 324, as persuasive authority. It must be noted that the Eighth Circuit Court in Bauer utilized South Dakota law, whereas this court is required to apply California law. Nonetheless, the facts in Bauer are similar to the current issue before this court and such opinion provides us guidance.
In Bauer, supra, the manufacturer of dental products (Bauer) sold dental crowns to a dental services corporation. The corporation inserted the crowns after it ground and polished them in order to create the correct fit. Patients began complaining of cracked and fractured crowns. The corporation filed suit against the manufacturer seeking the costs of replacing the crowns. The manufacturer then requested that its insurance company defend the suit. Instead, the insurance company filed a declaration of no coverage. The court found that the completed product consisted of both the manufactured dental crown and the workmanship of the corporation. The court therefore concluded that because the final product was not only the insured's product, the property damage was not excluded from coverage and the insurer had a duty to defend.
Although Dr. Mangie's complaint may only allege what appellee refers to as economic loss, the extrinsic facts indicate the existence of actual property damage. In accordance with California law, the parties are permitted to look beyond the plain language of the complaint to ascertain if a duty to defend exists. Gray, supra. In Gray, the California Supreme Court stated that an insurer has a duty to defend the insured when it ascertains facts which give rise to the potential of liability under its policy.
Additionally, the court in Giddings, supra at 281, held that "* * * strictly economic losses like lost profits, loss of goodwill, loss of the anticipated benefit of a bargain, and loss of an investment, do not constitute damage or injury to tangible property covered by a comprehensive general liability * * *" The court went on to state that "A complaint seeking to recover damages of this nature from an insured falls within the scope of the insurance coverage only where these intangible economic losses provide `a measure of damages to physical property which is within the policy's coverage'." Giddings, supra, citingHogan v. Midland National Ins. Co. (1970) 91 Cal.Rptr. 153.
In evaluating the extrinsic facts which existed beyond the plain language of Dr. Mangie's complaint, it is clear that the damages sought concerned those claimed by his patients for subsequent care due to bodily injury sustained as a result of his use of appellant's product.
Appellee was aware that Dr. Mangie claimed his patients complained of bodily injury in the nature of tooth leakage, decay and discoloration allegedly caused by the use of Geristore. Consequently, these complaints of such injury gave rise to potential liability for the resulting costs of remedial care. Contrary to appellee's contention, the insurance policy at issue did not require Dr. Mangie be sued prior to invoking appellee's duty to defend appellant. Therefore, it is irrelevant to this case whether any patient actually instituted a lawsuit against Dr. Mangie.
The extrinsic facts presented in the case sub judice compelled appellee's duty to defend. Although not specifically articulated in Dr. Mangie's complaint, the extrinsic evidence indicates that bodily injury and property damages existed. These claims fall squarely within appellant's coverage pursuant to the terms of the subject policy. As such, appellee's denial of coverage was inapposite to the terms of the subject policy. Furthermore, appellee's failure to acknowledge appellant's potential liability precludes this court from finding that the insurance coverage did not extend to Dr. Mangie's claims. Therefore, appellee had a duty to defend appellant and the trial court erred in granting summary judgment in favor of appellee.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
Donofrio, J., concurs, Vukovich, J., concurs.