Dissenting opinion filed by Circuit Judge MAYER.
MAYER, Circuit Judge,
dissenting.
I respectfully dissent. Res judicata bars the patent infringement claims asserted by Superior Industries, LLC (“Superior”) against Thor Global Enterprises Ltd. (“Thor”) because they arise from the same nucleus of operative facts that gave rise to its 2009 trademark infringement action.
I.
“A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (emphasis added); see also Salazar v. Buono, — U.S. -, 130 S.Ct. 1803, 1815, 176 L.Ed.2d 634 (2010) (Res judicata applies “not only as to every matter which was offered and received to sustain or defeat [a] claim or demand, but as to any other admissible matter which might have been offered for that purpose.” (citations and internal quotation marks omitted) (emphasis added)); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (“Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.” (emphasis added)). Res judicata bars Superior’s claims of infringement based upon U.S. Patent No. 7,470,101 (the “'101 patent”) because those claims could and should have been asserted during the 2009 trademark infringement action it brought against Thor.*
In October 2007, Thor, a Canadian company, posted a press release on its website touting the advantages of its “patent-pend *1297 ing” fully-braced undercarriage for portable conveyor systems. Thor stated that its “FB (Fully Braced) Undercarriage technology provides a lifting system that is not only stronger by design, but has a structural integrity beyond any other undercarriage on the market today.” Thor further asserted that its “patent-pending FB technology mil ‘once again revolutionize the way telescopic stackers are made.’ ”
Superior subsequently registered the mark FB for height-adjustable bulk material belt conveyors and undercarriage assemblies. See U.S. Trademark Registration No. 3,502,855. In 2009, Superior sent Thor a letter demanding that Thor cease further unauthorized use of its FB mark. Thor responded to the letter by stating that it had superior rights to the FB mark because it had previously used that mark on “point-of-sale” displays which it had “distributed to numerous established dealers and sales contacts throughout the United States.” These point-of-sale displays, like Thor’s previous press release, described the advantages of its “patent-pending FB undercarriage” technology.
On August 4, 2009, Superior brought a trademark infringement action against Thor. Instead of including patent infringement claims in its complaint, however, Superior waited until June 2010 — two months after it obtained a consent judgment in the trademark action — before bringing its patent infringement suit. Where, as here, a litigant brings repetitive suits involving the same alleged misconduct, res judicata serves to bar assertion of the subsequently-filed claim. See Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826 (8th Cir.1989) (Where two claims “emerge from the same transaction and share precisely the same nucleus of operative facts,” a litigant “may not assert them serially, in successive actions, but must advance all at once on pain of bar.” (citations and internal quotation marks omitted)).
Res judicata applies when three requirements are met: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim by a court of competent jurisdiction; and (3) two claims involve “the same cause of action” in that they arise from “the same nucleus of operative facts.” First Nat’l Bank v. First Nat’l Bank S.D., 679 F.3d 763, 767 (8th Cir. 2012) (citations and internal quotation marks omitted); see Banks v. Int’l Union Elec., Elec., Technical, Salaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004); Lane v. Peterson, 899 E.2d 737, 742 (8th Cir.1990). If these three elements are satisfied, “res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding.” King v. Hoover Group, Inc., 958 F.2d 219, 223 (8th Cir.1992).
As the majority correctly recognizes, the first two prerequisites for the application of res judicata are satisfied here. There is no dispute that the same parties, Superior and Thor, were involved in both the earlier trademark action and in the current patent infringement proceedings. Nor is there any doubt that the consent judgment in the trademark case was a “final judgment on the merits” for res judicata purposes. See Envtl. Prot. Agency v. City of Green Forest, 921 F.2d 1394, 1404 (8th Cir.1990); see also Ford-Clifton v. Dep’t of Veterans Affairs, 661 F.3d 655, 660 (Fed.Cir.2011) (“It is widely agreed that an earlier dismissal based on a settlement agreement constitutes a final judgment on the merits in a res judicata analysis.”).
The majority errs when it concludes that Superior’s patent infringement action is not based upon the same nucleus of operative facts as its earlier trademark infringe *1298 ment suit. Factors important in determining whether two claims arise from the same set of operative facts include whether they “are related in time, space, origin, or motivation” and “whether they form a convenient trial unit.” Lane, 899 F.2d at 742 (citations and internal quotation marks omitted). Here, Superior’s patent and trademark claims both relate to Thor’s fully-braced undercarriages for portable conveyer systems, which were advertised and allegedly offered for sale in 2007. The fact that Superior’s trademark and patent infringement claims are very closely aligned is evidenced by the fact that Superior’s trademark complaint expressly referenced U.S, Patent No. 7,284,947, which is the parent of the '101 patent. The '101 patent was prosecuted by the same attorney who represented Superior in both the 2009 trademark action and in the present case. Accordingly, as the district court correctly concluded, “the trademark and patent claims would have formed a convenient trial unit,” and should have been asserted in the same proceeding. Superior Indus., L.L.C. v. Thor Global Enters. Ltd., No. 10-CV-2524, 2011 WL 3100335, at *5 (D.Minn. July 22, 2011) (“District Court Decision”); see also Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed.Cir.1995) (“[A] party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together.”).
II.
The majority asserts that res judicata should not be applied to bar Superior’s patent claims because the evidence required to prove trademark infringement is not the same as that required to establish patent infringement. See ante at 1293-95. To the contrary, however, a party’s reliance “on different substantive law and new legal theories does not preclude the operation of res judicata.” Lane, 899 F.2d at 744; see Mills, 872 F.2d at 826-27 (concluding that a litigant’s previous Title VII claim barred her subsequent claim under 42 U.S.C. § 1981); Chester v. St. Louis Hous. Auth., 873 F.2d 207, 208-09 (8th Cir.1989) (concluding that a party’s previous procedural due process claim barred his subsequent claim alleging Title VII and equal protection clause violations); Gregory v. Chehi, 843 F.2d 111, 117 (3d Cir.1988) (explaining that for purposes of claim preclusion, a “ ‘[cjlaim’ is defined broadly in transactional terms, regardless of the number of substantive theories advanced in the multiple suits by the plaintiff’). Thus, regardless of whether “a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant’s conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim.” Lane, 899 F.2d at 744. Accordingly, notwithstanding the fact that patent and trademark infringement invoke different areas of substantive law, Superior was required to bring its patent action concurrently with its trademark suit because both claims relate to the same advertising materials that Thor distributed in 2007.
The majority asserts that Thor’s 2007 advertising materials could not be the “ ‘operative fact’ ” that gave rise to its patent infringement claim because those materials did not constitute “offers to sell.” Ante at 1294-95. This reasoning is not persuasive. Notwithstanding the fact that the 2007 advertising materials did not contain pricing information, such materials were clearly sufficient to put Superior on notice that it had a potential patent in *1299 fringement claim. The advertising materials, which were “distributed to numerous established dealers and sales contacts throughout the United States,” touted the advantages of Thor’s fully-braced undercarriage system and contained pictures as well as a detailed description of Thor’s products. Given that Superior knew that: (1) there were clear similarities between Thor’s advertised products and those disclosed in the '101 patent; and (2) advertisements describing Thor’s “patent-pending [fully-braced] undercarriage” had been widely distributed within the United States, Superior’s argument that it was unaware, when it filed its trademark action, that it had a potential claim for patent infringement is simply not credible.
Superior did not need irrefutable proof that Thor had offered to sell its products within the United States before filing a patent infringement claim. See Coonts v. Potts, 316 F.3d 745, 753 (8th Cir.2003) (explaining that an attorney is required to “conduct a reasonable inquiry of the factual and legal basis for a claim before filing”). Indeed, as Superior acknowledged when it was before the trial court, “[t]he process is called discovery for a reason.” Despite the fact that the 2007 advertising materials did not contain pricing information, they evinced a clear intent to make Thor’s products available for sale within the United States and were more than sufficient to put Superior on notice that it had a potential claim for patent infringement. Superior has advanced no persuasive justification for waiting until two months after its trademark case settled to file its patent infringement suit.
Significantly, in responding to Thor’s first motion to dismiss in the patent action, Superior emphasized that it had a “plausible” basis for believing that Thor had offered to sell its products within the United States based upon “public information” from Thor’s “own website.” Superior fails to explain why this “public information” from Thor’s website did not give it a “plausible” basis for filing a patent claim when it filed its trademark infringement suit in 2009. Instead, as the district court correctly concluded, “Superior could have easily asserted the patent infringement claim ... when the trademark action was filed in August 2009,” and “[t]he only reason the earlier suit did not contain patent allegations is because Superior chose not to make them.” District Court Decision, 2011 WL 3100335, at *5.
Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1326 (Fed.Cir.2008), upon which the majority relies, is inapposite. There we held that two claims for patent infringement did not arise from the “same transactional facts” because the claims involved different accused devices. Id.; see also Florida Power & Light Co. v. United States, 198 F.3d 1358, 1361 (Fed.Cir.1999) (concluding that res judicata did not apply where the “two sets of claims involve[d] not only different time periods, but also different agencies with different contracting officers and different statutory mandates regarding pricing policy”). Here, by contrast, Superior’s patent and trademark claims involve the same product, Thor’s fully-braced undercarriage for portable conveyor systems.
Application of “res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts — ” Federated, 452 U.S. at 401, 101 S.Ct. 2424 (citations and internal quotation marks omitted). Thor should not be forced to endure a second round of litigation simply because Superior, for its own strategic reasons, chose to delay assertion of its patent *1300 claims until after its trademark suit was fully resolved. See Phillips/May Corp. v. United States, 524 F.3d 1264, 1271 (Fed. Cir.2008) (explaining that where two claims arise out of the same set of transactional facts, a litigant may “not avoid the application of res judicata through strategic delay”).

 I express no view on the issue of whether the district court correctly dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Superior's claim alleging direct and indirect infringement of U.S. Patent No. 7,618,231. See ante at 1294-95.