**William H. "Butch" GOSSETT, Jr. and Donna Sue Gossett, Appellants,**

v.

**WEYERHAEUSER COMPANY, Appellee.**

No. 87–2198.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1988.

Decided Sept. 14, 1988.

Q. Byrum Hurst, Jr., Hot Springs, Ark., for appellants.

Kevin A. Crass, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and DOTY, District Judge.*

DOTY, District Judge.

Appellants William H. "Butch" Gossett, Jr. and Donna Sue Gossett appeal from an order of the district court[1] denying the Gossetts' motion for a new trial. The Gossetts contend that the district court abused its discretion in denying the Gossetts' request to present a rebuttal witness at trial, and in overruling the Gossetts' objections to certain remarks made by opposing counsel during closing argument. We find that the district court did not abuse its discretion and we affirm the order of the district court denying the Gossetts' motion for a new trial.

## I. BACKGROUND

In 1969, Appellee Weyerhaeuser Company ("Weyerhaeuser") began purchasing large tracts of land in a mountain basin in Yell County, Arkansas. Weyerhaeuser bought the land to harvest timber. In 1976, the Gossetts purchased 120 acres of land in the valley located directly below the basin. The Gossetts use the land to raise livestock.

---

* The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

After purchasing the timberland, Weyerhaeuser began to develop a road system on the property to facilitate the extraction of timber. In order to maximize its timber harvest, Weyerhaeuser used a type of timber cutting known as "clear cutting" in which the trees, as well as all other vegetation, were stripped from the site. After removing all of the vegetation, the area was "ripped" by digging shallow furrows throughout the harvested site. Pine saplings were then placed into the furrows with the expectation that the replanted area would be harvested again in the future.

The Gossetts claim that these operations were negligently undertaken and that Weyerhaeuser's land management practices dramatically increased the run-off of rainfall from the mountain basin onto the Gossett's land. The Gossetts further contend that the increased run-off caused or substantially contributed to the severe flooding which damaged their property in 1982 and 1984.

The Gossetts filed suit against Weyerhaeuser on November 27, 1985. After a three-day trial in June of 1987, the jury returned a general verdict in favor of Weyerhaeuser. Shortly thereafter, the Gossetts moved for a new trial claiming that the court had improperly excluded rebuttal testimony and erroneously overruled the Gossetts' objections to certain remarks made by opposing counsel during closing argument. The trial court denied the motion and the Gossetts appealed.

## II. DISCUSSION

### A. Rebuttal Witness

Following Weyerhaeuser's case in chief, the Gossetts offered rebuttal testimony of an expert witness who was not identified by the Gossetts prior to trial. Weyerhaeuser opposed the offer, arguing that all experts were to have been identified before trial [2] and that the proffered testimony was not proper rebuttal testimony but was of-fered merely to supplement the Gossetts' case in chief. Following counsel's offer of proof disclosing the subject matter of the proposed testimony, the trial judge concluded that the testimony should have been elicited during the Gossetts' case in chief, and he refused to allow the witness to testify.

■ "Normally, parties are expected to present all of their evidence in their case in chief. Allowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge." *Smith v. Conley*, 584 F.2d 844, 846 (8th Cir.1978) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 705 (8th Cir.1967)). Accordingly, we may reverse a trial court's determination of the admissibility of rebuttal testimony only where there has been a clear abuse of discretion. *LaRo Corp. v. Big D Oil Co.*, 824 F.2d 689, 690 (8th Cir.1987); *Hale v. Firestone Tire and Rubber Co.*, 820 F.2d 928, 936 (8th Cir.1987); *Smith v. Conley*, 584 F.2d 844, 846 (8th Cir.1978); *Swanson & Youngdale, Inc. v. Seagrave Corp.*, 561 F.2d 171, 174 n. 6 (8th Cir.1977); *Hanrahan v. St. Vincent Hospital*, 516 F.2d 300, 302 (8th Cir.1975).

■ The Gossetts tried their case on the theory that Weyerhaeuser negligently carried out its forestry practices and that such practices increased the run-off of rainfall from the harvested site thereby causing or contributing to the flood damage to the Gossetts' property. At trial, counsel for the Gossetts stated that the rebuttal witness would testify that Weyerhaeuser's forestry activities caused or contributed to the flooding, and that contrary to the representations of Weyerhaeuser's expert, "clear-cutting of the forest above the Gossett farm can be accomplished without the effects that have occurred; that there has been erosion ... and that there is runover of the rips in the soil." Based upon coun-

---

2. As part of pretrial discovery, Weyerhaeuser filed a motion to compel the Gossetts to identify and produce for deposition all experts the Gossetts expected to call at trial. The district court granted the motion, cautioning that "no expert whom [the Gossetts] have not so identified will be permitted to testify."

sel's offer of proof, the trial court concluded that the proffered testimony should have been presented during the Gossetts' case in chief.[3] The court excluded the testimony on that basis and we cannot say that it abused its discretion in so doing.

### B. Improper Argument

■ The Gossetts also contend that they are entitled to a new trial based upon allegedly improper statements made by Weyerhaeuser's counsel during closing argument. In his final argument, counsel for Weyerhaeuser remarked that the company which had previously owned Weyerhaeuser's timberlands did not "grow trees", and that "we"—ostensibly meaning Americans—"were in danger of running out of trees." Counsel for the Gossetts objected to the remarks, arguing that the comments were extremely prejudicial[4] and without any basis in the record. The court overruled the Gossetts' objections, noting that counsel would be afforded "broad latitude" in arguing his case.

Although the district court did not strike the comments from the record or caution the jury immediately after the remarks

were made, the court did issue the following admonishment in connection with its general instructions to the jury:

> Remember now that the opening statements of the attorneys and their closing arguments and their casual remarks during the course of the trial are not evidence in the case but are made only to help you understand the evidence and to apply the law. Any argument or statement or remark of an attorney, having no basis in the evidence, should be entirely disregarded by you.

The Gossetts argue that the court's instruction, given as part of the general charge to the jury, was inadequate to correct the alleged prejudice resulting to the Gossetts. The Gossetts contend that the court committed reversible error in failing to strike the challenged remarks and in failing to caution the jury immediately after the remarks were made or immediately following counsel's closing argument.

Even assuming counsel's remarks departed in some measure from the evidence in the record, we cannot conclude that the Gossett's case was significantly prejudiced

---

3. Following the offer of proof, the trial judge concluded that counsel merely was attempting to introduce

> evidence that [he] did not put on [his] direct as to [his] theories, essentially, of causation. I have never permitted it before and I'm not going to do it now. So, I'm not going to permit an expert to be brought forward as rebuttal on the representation made by counsel.

Based on the trial court's ruling, and on the colloquy between the court and counsel, it is clear that the court concluded that the proffered rebuttal testimony presented no new evidence, but was offered merely to supplement the Gossetts' case in chief. In his August 18, 1987 Order, however, the trial judge additionally noted that "plaintiffs could have presented, in their case in chief, any evidence they had which might have contradicted what they knew Dr. Miller would present for the defendant." To the extent that the Court's Order implies that the Gossetts should have anticipated and negated in their case in chief the testimony of Dr. Miller, the Court's Order misstates the law. A plaintiff is not obligated to anticipate and negate in its own case in chief any facts or theories that may be raised on defense. *See Everett v. S.H. Parks and Associates, Inc.*, 697 F.2d 250, 252 (8th Cir. 1983). *See also Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir.1986); *Martin v. Weaver,*

666 F.2d 1013, 1020 (6th Cir.1981) *cert. denied,* 456 U.S. 962, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982); *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 459 (2nd Cir.1975).

4. Counsel for the Gossetts explained the allegedly prejudicial effect of these comments:

> Appellee's counsel's remarks in this regard were most prejudicial to the Appellants, because Appellee's counsel, in stating that "we" were in danger of running out of trees, could have and most probably did cause an unreasonable fear to arise in the minds of the jurors, causing them to believe that whatever actions were taken by Appellee were proper in light of the emergency situation which Appellee's counsel described when he stated that "we" were in danger of running out of trees. Additionally, by stating that the Dierks Company did not grow trees, the jury was left to conclude that under the Dierks Company's system of forestry management, the populace would most certainly have run out of trees, whereas under Appellee's system of forestry management, there would be no shortage of trees, because Appellee claimed that it replanted trees whereas Appellee claimed that the Dierks Company simply allowed trees to grow back in areas which had been harvested in a natural way, at a natural rate of growth.

by counsel's remarks. *See Wilfing v. General Motors Corp.,* 685 F.2d 1049, 1053 (8th Cir.1982). The district court did not abuse its discretion in refusing to grant the Gossetts a new trial.

The order of the district court is AFFIRMED.