**Janice MAWBY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–3882.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided July 26, 1993.

Robert C. Ozer, Denver, CO, argued, for plaintiff-appellant.

Gay L. Tedder, Asst. U.S. Atty., Kansas City, MO, argued, for defendant-appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

BOGUE, Senior District Judge.

Janice Mawby appeals from a final judgment entered in favor of the United States in the district court after a bench trial in this action brought under the Federal Tort Claims Act (28 U.S.C. §§ 1346, *et seq.*). Because appellant was denied an opportunity to rebut last-minute evidence put on by the government, we reverse the judgment and remand the matter to the district court.

Appellant was on the premises of the United States Post Office at Excelsior Springs, Missouri on the morning of December 11, 1989 when she slipped and fell on a sidewalk. She suffered a fractured ankle as a result of the fall.

A bench trial was held on August 6, 1992. According to appellant's testimony and that of three witnesses she called, there was an accumulation of ice on the sidewalk where she had fallen. Three postal employees who testified had no specific recollection as to whether or how much ice was on the sidewalk at the time.

The next witness called by appellee was a meteorologist, Mr. Thomas Townsend, who brought Excelsior Springs' climatological records for December 1 through December 11, 1989 (the period preceding the accident date). He testified at some length about interpreting the records—which show that on December 6, eight-hundredths of an inch of precipitation fell, and on December 10, one-tenth of an inch fell. High temperatures were above freezing (sometimes well above) all but one day between the first and tenth; and the high temperature dipped to 16 degrees on December 11.

During pretrial discovery, appellant had asked whether appellee had or knew of any "measurements, surveys, or other descriptive documentary evidence concerning the ... scene of the accident in question." *Plaintiff's Interrogatories,* No. 7, January 8, 1992. An accompanying request for production (No. 4) sought copies of materials listed in response to interrogatory No. 7. Interrogatory No. 10 sought the identity of "all witnesses having knowledge of ... facts bearing on the question of liability (but who were not actual eye witnesses to the incident)." Interrogatory No. 18 asked for the identity and a synopsis of the expected testimony of each expert to be called by appellee. Appellee did not list Mr. Townsend or the weather records—either in its original response to the discovery requests or by supplementation.

Counsel for appellant maintains that his first notice of this testimony and documentation came when appellee's pretrial witness and exhibit lists were telefaxed to his hotel the night before trial. The pretrial materials had been timely filed and served by mail a week before trial (pursuant to an extension which had been granted to appellee); however, he claims he did not receive them. He objected to the testimony and exhibits, and requested that if they were received he be afforded a recess to prepare rebuttal.

The court agreed that appellee should have disclosed Townsend's evidence sooner, assured counsel for appellant that he would be given an opportunity to rebut the evidence, then received the testimony and exhibits. However, after hearing the testimony and that of appellee's final witness, and without giving appellant the promised opportunity for rebuttal, the trial judge announced that he was prepared to rule on the case. He discredited the testimony of appellant's witnesses about the ice accumulation solely on the basis of the records and testimony elicited from Townsend, and announced that he would rule for the defendant.

On November 10, 1992, the district court entered its memorandum opinion and order granting judgment to defendant-appellee. Again, the Court relied heavily on the testimony and records elicited from Townsend to reach its conclusions, finding that because of this evidence the testimony of plaintiff's witnesses regarding the amount of ice present on the sidewalk was not credible.

On appeal, Mawby contends that the meteorologist's testimony and records should have been excluded at trial because appellee's nondisclosure violated discovery rules, the Court's pretrial order, and the Federal Rules of Civil Procedure regarding disclosure of witnesses. Alternatively, she argues that after allowing the evidence, the court should have given the promised recess so that she could prepare rebuttal.

■ We review a trial court's evidentiary rulings under an abuse of discretion standard. *See, e.g., Mills v. Des Arc Convalescent Home,* 872 F.2d 823, 826 (8th Cir.1989). We have said that "[u]se of an undisclosed witness should seldom be barred unless bad faith is involved." *Id.* Under the present circumstances we do not find that the trial court abused its broad discretion by allowing the disputed evidence. There is no evidence, nor even an assertion, that appellee's failure to timely disclose the meteorologist and climatological data was done in bad faith.

■ Notwithstanding our finding that it was not reversible error to allow the evidence, we hold that the trial court abused its discretion by not affording appellant an opportunity to rebut the evidence. Although not done in bad faith, it is clear that appellee's failure to disclose the disputed evidence violated both the letter and spirit of the federal rules, which require supplementation of discovery responses regarding "(A) the identity and location of persons having knowledge of discoverable matters and (B) the identity of each person expected to be called as an expert witness at trial." Fed. R.Civ.P. 26(e)(1)(A) & (B). As the custodian of weather records with unquestionable relevance to the issues in this action, Townsend falls squarely within the class of persons referred to in Rule 26(e)(1)(A). A fair and complete response to appellant's discovery requests (cited above) would have included disclosure of Townsend and his records by appellee. If the evidence became known or available only after appellee's original responses, the answers should have been supplemented pursuant to Rule 26(e)(1)(A).[1]

We have said that "[t]he purpose of our modern discovery procedure is to narrow the issues, *to eliminate surprise,* and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134, 143 (8th Cir.1968) (emphasis supplied). The rules are meant to insure that—particularly where, as here, the right inquiries are made—parties can obtain "[m]utual knowledge of all the relevant facts gathered by both parties." *Id.* (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947)). Although we do not impute bad faith to appellee's nondisclosure, we do find that fundamental fairness requires that, in the context of this case, appellant should have been afforded an opportunity to present rebuttal to the surprise evidence. The disputed evidence clearly formed the basis for the district court's decision, as evidenced by his reliance on it to discredit the testimony of appellant's witnesses. Indeed, given the unclear recollection of the post office employees who testified regarding whether there was an ice patch, it was the *only* evidence to support the court's findings. Rebutting the evidence may be difficult for appellant, but she is entitled to an opportunity to do so, considering the last-minute nature of appellee's disclosure.

We do not accept appellant's invitation to craft a wholesale right to present rebuttal testimony. "Allowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge." *Gossett v. Weyerhaeuser Co.,* 856 F.2d 1154, 1156 (8th Cir.1988) (citations omitted). The district court remains free on remand to exercise its discretion regarding

---

1. It also appears that—notwithstanding the district court's attempt to avoid his testifying as an expert—Townsend did so, thus invoking the disclosure requirements of Rule 26(e)(1)(B). An expert is "one who is knowledgeable in [a] specialized field," *Black's Law Dictionary* 519 (5th ed. 1979). When laying foundation to introduce Townsend's testimony, counsel for appellee went into his broad experience and qualifications—most notably the fact that he had to take "numerous courses in meteorology" to become a full-blown meteorologist. Had Townsend been testifying as a non-expert, the necessary foundation would have been limited to eliciting that he is the

custodian of official records of the weather service. After the [expert] foundation was laid, Townsend went into great detail describing the Weather Service's operations and explaining how to read the data on the charts. Had he been a lay witness, he would have basically just authenticated the records and left their interpretation to the fact finder. The fact that he did not explicitly say "there could not have been ice on the sidewalk" on direct examination does not mean he did not give an implicit opinion that the weather could not have caused an accumulation such as that claimed by appellant's witnesses.

what rebuttal evidence to allow. We hold only that the district court's wholesale refusal to afford appellant an opportunity to rebut the surprise evidence was an abuse of discretion.

We do not pass on the findings of the district court or its conclusions regarding the applicable substantive law, because based on the above discussion, new findings should be entered after appellant has had an opportunity to present rebuttal evidence.

Based on the foregoing, the judgment of the district court is reversed, the findings vacated, and the matter remanded for further proceedings consistent with this opinion.[2]

---

2. Appellant seeks a new trial in the event of reversal. However, because the matter was tried to the court rather than a jury, the district judge is in a position to hear additional evidence, then enter new findings. Under these circumstances, an entirely new trial would be duplicative and unnecessary.