_____

No. 95-1721
No. 95-1788
_____

Dave Kolb Grading, Inc.,              *
                                      *
     Appellant/Cross-Appellee,        *
                                      *
     v.                               *
                                      *
Terra Venture Bridgeton Project       * Appeals from the United States
Joint-Venture; American National*  District Court for the
Insurance Co., a General              * Eastern District of Missouri.
Partner; Bridgeton Development        *
Company, a Kansas General             *
Partnership; Jack W. Isley;       *
L. Gary Turner; Larry D. Ross,        *
                                      *
     Appellees/Cross-Appellants.*

_____

Submitted:  January 11, 1996

Filed:  June 4, 1996
_____

Before BOWMAN and JOHN R. GIBSON, Circuit Judges, and KYLE,[*] District
     Judge.

_____

JOHN R. GIBSON, Circuit Judge.

     Dave Kolb Grading, Inc., a grading contractor, appeals from the
judgment in its suit against Terra Venture Bridgeton Project Joint-Venture,
a real estate developer.  Kolb sued to recover money due under a written
contract with Terra Venture, as well as  additional moneys Kolb claimed
were due for extra work it performed

_____

     [*]The HONORABLE RICHARD H. KYLE, United States District
     Judge for the District of Minnesota, sitting by
     designation.

on Terra Venture's project.  Terra Venture denied liability for the extra work, which it says it did not authorize, and also asserted a set-off claim for costs it incurred in settling a trespass claim that it contends Kolb is responsible for.  The magistrate judge[1] awarded Kolb the entire amount it had earned under the contract, denying Terra Venture's set-off claim, but also denying Kolb's claim for the extra work.  The court awarded Kolb prejudgment interest and attorneys' fees under the contract.  Kolb appeals the court's denial of the extra work claim, and Terra Venture cross-appeals the court's award of prejudgment interest and attorneys' fees.  We affirm.

Kolb contracted with Terra Venture to do the site excavation and grading for a shopping center in St. Louis County, Missouri.  The contract was a "lump sum" contract, meaning that it specified the work Kolb had to do and the total price Terra Venture had to pay (as opposed to, say, payment by the hour).  The contract stated that no change order work would be approved or paid for without advance written approval by Terra Venture, in the form of the signatures of Terra Venture's management consultant, E. B. Roberts, and its project manager, Kevin Fitzpatrick.

The contract turned out to be a money-loser for Kolb.  The contract called for performance within thirty-five working days, but it actually took Kolb more than 230 days to complete its work.  Bad weather caused delays.  Terra Venture failed to get timely approvals from municipal and sewer authorities and easements from neighboring landowners.  Terra Venture's engineer also made frequent changes in the plans.  The delays resulted in Kolb having to do site excavation while other contractors were already building on the site, which made Kolb's job more time consuming.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.  Judge Perry was a magistrate judge at the time she tried this case.  The parties consented to trial before a magistrate judge.

During the course of Kolb's performance, the parties executed two change orders for additional work by Kolb. The first change order was executed in writing in advance of the work, as required by the contract. Kolb then began a practice of filling out "hourly tickets" for work that its job superintendent, Lee Moorman, considered to be "extra" or beyond the scope of the contract. Moorman submitted these slips to Gene Bunton, who represented Phillips Construction Company, the general building contractor. Bunton had no authority to represent Terra Venture. Kolb then billed Terra Venture for the work represented by the slips. Terra Venture objected that the extra work had not been approved in advance, as the contract required, and at first refused to pay the extra charges. However, Kolb threatened to walk off the job if Terra Venture did not pay the charges, so Kevin Fitzpatrick met with Kolb and agreed to pay a portion of the charges as "change order two." At the meeting, Fitzpatrick warned Kolb that in the future Terra Venture would not pay any extra charges that were not authorized in advance in accordance with the contract.

Nevertheless, after change order two was approved, Kolb continued to do work it considered to be beyond the scope of its contract obligations without getting authorization from Terra Venture. Kolb eventually billed Terra Venture an extra $188,602.13. (The original contract plus change orders one and two amounted to $501,499.10.)

Terra Venture refused to pay for the extra work and also withheld $88,112.81 of the amount due under the contract. Terra Venture had been sued by a neighboring landowner for trespass; Terra Venture claimed that the suit was the result of Kolb's activities on the neighbor's land and relied on a clause in the contract giving it the right to indemnification from any damages arising from Kolb's negligence. Terra Venture eventually agreed to settle the trespass suit for $42,500, although the settlement had not been consummated at the time of the trial in this case, because

Terra Venture had not fulfilled its obligations under the settlement agreement.

Kolb sued Terra Venture for the money due under the contract, as well as for the work it claimed was outside the scope of the contract. Terra Venture denied liability for the extra work, but on the first day of trial, offered to pay $38,560.11, which was the amount Terra Venture admittedly owed under the contract, less the settlement amount and expenses for the trespass suit.

The parties tried the case to the court. After Kolb closed its case, the magistrate judge stated that Kolb had failed to put on any evidence that Terra Venture had authorized the extra work. In its rebuttal Kolb called a new witness, Jeff Kolb, whom it had not identified as a potential witness in its pretrial list of witnesses. Kolb's lawyer asked Jeff Kolb:

> Q:   Well did you have any direct discussions or dealings with
>      Mr. Fitzpatrick regarding authorization to do extra work
>      sir?
>
> A:   Yes I did.
>
> Q:   Could you define when those occurred and where those
>      occurred?

Terra Venture's lawyer objected that this was improper rebuttal, since Kolb was trying to patch a hole in its case in chief. The court explored the issue thoroughly and concluded that there was prejudice to Terra Venture in letting Jeff Kolb testify when he had never been identified as a potential witness and therefore had never been deposed. The court excluded the rebuttal testimony. Kolb made no offer of proof on the subject of Terra Venture authorizing the additional work.

Since Kolb had failed to prove the extra work was authorized, the court denied its claim for payment beyond the contract amount.

The court found that Terra Venture objected to Kolb's practice of billing for extras after it had already done the work, instead of getting advance authorization. The court also found that much of the work Kolb characterized as extra was actually within the scope of its obligations under the lump sum contract, and that much of the work was properly billable to other contractors, rather than to Terra Venture.

On the other hand, the court rejected Terra Venture's counterclaim for the costs resulting from the trespass claim. The court found Terra Venture had not established that Kolb's activities were the basis of the trespass claim. The court also found that Terra Venture was to blame for failing to get an easement on the neighbor's property.

Accordingly, the court entered judgment for Kolb in the amount of $88,121.81, the amount owed under the contract.

The court supplemented this amount in a later order, awarding Kolb attorneys' fees and prejudgment interest. Terra Venture claimed it did not owe prejudgment interest because it had the right under the contract to withhold payment until it had resolved the third-party trespass claim. The court rejected this reading of the contract. The court reduced Kolb's claimed attorneys' fees by 20% to eliminate fees attributable to the claim for extra work, on which Kolb did not prevail.

**I.**

Kolb argues that it did not have to prove Terra Venture authorized it to do the extra work. Kolb contends that Terra Venture became obligated to pay for the work because it knew the work was being performed and it acquiesced. Kolb cites Winn-Senter Construction Co. v. Katie Franks, Inc., 816 S.W.2d 943 (Mo. Ct. App. 1991); H. B. Deal Construction Co. v. Labor Discount Center,

Inc., 418 S.W.2d 940 (Mo. 1967); and Julian v. Kiefer, 382 S.W.2d 723 (Mo. Ct. App. 1964), in which parties waived the requirement in their contract that change orders be written.

Two of the cited cases actually work against Kolb, because they involve owners who explicitly gave oral change orders, Winn-Senter, 816 S.W.2d at 946; Julian, 382 S.W.2d at 729. Accord Gilmartin Bros., Inc. v. Kern, 916 S.W.2d 324, 329 (Mo. Ct. App. 1995). Kolb failed to prove that Terra Venture gave oral orders for the extra work.

H. B. Deal does involve, in part, a bank and escrowee's implicit waiver of contractually required formalities by habitually paying change orders without protesting the lack of such formalities. 418 S.W.2d at 950 (alternative holding). But the district court's factual findings in this case distinguish it from H. B. Deal. In contrast to the escrowee in H. B. Deal, Terra Venture did not habitually ignore the requirements of advance written authorization for change orders. The magistrate judge found that Terra Venture protested Kolb's failure to comply with this formality and warned Kolb that it would not pay such orders.[2] Even if we accept Kolb's argument that evidence of explicit authorization was not necessary to its case, the magistrate judge's findings rule out implicit acquiescence by Terra Venture. Kolb does not argue that the findings are clearly erroneous, and we hold

---

[2]The court stated:

Defendants' project manager, Kevin Fitzpatrick, testified that he authorized payment for change order 2 only after Kolb had threatened to walk off the job and had in fact not shown up on the job for two days. He testified that he flew to St. Louis, met with representatives at Kolb, and explained in detail that any further work done without authorization by the partnership would not be paid, but that he would at this time agree to pay a portion of the extra work already done. The Court finds this testimony credible.

-6-

the findings to be well supported in the record.

## II.

Kolb's second argument is that the magistrate judge erred in excluding Jeff Kolb's testimony. Kolb contends that Jeff Kolb would have said Terra Venture orally authorized the extra work. There are three reasons to affirm the court's exclusion of this evidence: Kolb made no offer of proof, see Strong v. Mercantile Trust Co., 816 F.2d 429, 432 (8th Cir. 1987), cert. denied, 484 U.S. 1030 (1988); the proposed testimony was properly part of Kolb's case in chief, but it was offered as rebuttal, see Gossett v. Weyerhaeuser Co., 856 F.2d 1154, 1156 (8th Cir. 1988); and Kolb did not list Jeff Kolb as a potential witness in its pretrial filings, see Marti v. City of Maplewood, 57 F.3d 680, 683-84 (8th Cir. 1995). The magistrate judge heard argument and concluded that excusing Kolb from compliance with its duty to disclose witnesses would prejudice Terra Venture, since Terra Venture had never deposed Jeff Kolb. The ruling was well within the court's discretion.

## III.

Terra Venture contends that the magistrate judge erred in awarding Kolb attorneys' fees and prejudgment interest. Terra Venture argues that the contract entitled it to withhold payment until it had resolved "claims filed by third parties," that the trespass case was such a claim, and that the trespass case was not finally settled at the time this case was tried. Terra Venture argues that attorneys' fees and interest would only accrue after payment was due. Since payment never became due, Terra Venture asserts it should not be liable for fees and interest.

This argument is disingenuous. Terra Venture admits there was a settlement agreement in the trespass case about three months

before trial of this case, yet Terra Venture did not tender even the amount it admitted it owed until the first day of trial. Terra Venture says there was a settlement agreement, but the settlement had not become final. There was evidence at trial that the delay was attributable to Terra Venture's failure to perform its duties under the settlement agreement. If Terra Venture could delay indefinitely its obligation to Kolb by merely failing to fulfill its duties under the trespass settlement, Kolb's rights under the contract would be illusory. Therefore, even assuming that the trespass case would toll Terra Venture's payment obligation for some time, Terra Venture cannot avoid liability for Kolb's collection expenses by simply drawing out the settlement process in the trespass claim.

Alternatively, Terra Venture argues that even if we conclude the debt became due at some point, Terra Venture should only owe interest for the three-month period after it reached a settlement agreement in the trespass case. The magistrate judge rejected Terra Venture's argument that the trespass suit was the kind of third-party claim that would entitle Terra Venture to withhold payment. The court held that the trespass suit resulted from Terra Venture's "haphazard conduct of its development"--that is, its failure to obtain easements, as required by section 8.2 of the contract. The contract language permitting Terra Venture to withhold payment is vague, referring only to "claims filed by third parties," without specifying what kind of claims. On the other hand, the contract elsewhere describes in detail the circumstances under which Kolb would be required to indemnify Terra Venture. We construe the contract to allow Terra Venture to withhold payment only in response to third-party claims for which Terra Venture is entitled to indemnification from Kolb. Any other reading would place Kolb entirely at Terra Venture's mercy by permitting Terra Venture to withhold payment because of suits for which the Kolb was not responsible. The court held that Kolb was not liable to indemnify Terra Venture for the trespass suit. Terra Venture has

not appealed that ruling.  Therefore, we hold that payment was due under the contract despite the pendency of the trespass suit.  We affirm the magistrate judge's award of prejudgment interest and her conclusion that Kolb was entitled to attorneys' fees.

Terra Venture also appeals the magistrate judge's determination of the amount of attorneys' fees.  Terra Venture argues that the court did not properly reduce the requested fees to eliminate fees for the extra work claim on which Kolb lost.  To the contrary, the magistrate judge's opinion shows that she did adjust the award to eliminate fees incurred on the extra work claim.  The court's factual findings are not clearly erroneous.

We affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.